NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSE CORREAS d/b/a C&K EXPRESS, LLC,

    *Plaintiff*,

v.

C.R. ENGLAND-GLOBAL
TRANSPORTATION, JOHN DOES A-D
(fictitious names representing unknown
Individuals), and ABC CORPORATIONS 1-10
(fictitious names representing unknown
Corporations,

    *Defendants*.

Civ. No. 13-4907 (KSH) (CLW)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

**I.    Introduction**

Plaintiff Jose Correas, d/b/a C&K Express, LLC ("Correas"), filed suit against defendant C.R. England-Global Transportation ("England")[1] and various fictitiously-named defendants, alleging he was wrongfully deprived of the use of his trailer, and therefore his income, for a period of time. England removed this action from state court, and Correas has moved to remand it [D.E. 5]. The motion to remand will be denied for the reasons below.

**II.    Background**

On May 31, 2013, Correas filed a two-count complaint in Hudson County Superior Court against England and two groups of fictitious defendants, one comprised of individuals and the other of corporations. (D.E. 1-1 ("Compl.").) In count one, Correas asserts that he owns and uses

---

[1] England states in its notice of removal that its proper corporate name is "C.R. England, Inc."

1

one trailer for deliveries pursuant to a contract with John Cox Trucking, Inc., and another trailer for deliveries pursuant to a contract with Paramount Freight Systems, Inc.  (Compl. ¶¶ 1-2.)  He further contends that on November 16, 2012, an England employee "mistakenly seized" the trailer used for John Cox Trucking deliveries from a loading lot in Pennsylvania, and from that day until December 19, 2012, he was "forced to cancel all his pre-scheduled load sheets with Paramount Freight Systems, Inc. in order to fulfill his contractual obligations with John Cox Trucking, Inc." (*Id.* ¶¶ 3-4.)  As a result of this "erroneous action," Correas asserts he incurred $44,000 in lost revenue and work, and demands that sum, plus interest, costs, and attorneys' fees.  (*Id.* ¶ 4.)  In count two, Correas asserts a contributory negligence claim against the fictitiously-named defendants, and demands $44,000, along with interest, costs, and attorneys' fees. (*Id.* ¶ 6.)

According to England, it was served with the complaint on June 13, 2013, and the parties stipulated to an extension of time to August 19, 2013, for England to answer.  (D.E. 1 ("Notice of Rem.") ¶¶ 9-10.)  England further asserts that on August 9, 2013, Correas provided it an "explanation of damages" seeking a total of $83,414.43.  (*Id.* ¶¶ 12, 16.)[2]  Five days later, on August 14, 2013, England filed its notice of removal, contending that the explanation of damages qualified as an "other paper" under 28 U.S.C. § 1446(b)(3), thereby permitting it to remove the action beyond the 30-days-from-service limit otherwise applicable.  (*See id.* ¶¶ 17-19.)  England contends that the Court has diversity jurisdiction, as (1) the amount in controversy requirement is met, in view of the foregoing, and (2) Correas the individual is a New Jersey citizen; Correas's "registered business" is located in New Jersey; and England is incorporated and maintains its principal place of business in Utah, rendering the parties diverse [*id.* ¶¶ 2-5, 8].

---

[2] England's figure in the notice of removal is two dollars more than the figure in the explanation of damages it appends.  The difference is immaterial for present purposes.

2

On September 18, 2013, Correas moved to remand this action to state court, contending that he has "amended" his explanation of damages to reflect an amount of $74,000, depriving this Court of diversity jurisdiction.  (D.E. 5.)  England opposes the motion.  (D.E. 6.)

### III. Discussion

Correas makes a single argument in support of remand: that he has "thoroughly reviewed his monetary injury and has elected to amend the statement of damages to reflect the amount of $74,000.00" – below the amount-in-controversy requirement of 28 U.S.C. § 1332(a) – and has therefore deprived the Court of diversity jurisdiction.  (D.E. 5 at ¶¶ 2, 7.)  There is no contention that another basis of federal jurisdiction applies.

Under 28 U.S.C. § 1441(a), civil actions initiated in state court may be removed to federal court if the latter has original jurisdiction over the action. The Court may exercise original jurisdiction is if the parties are diverse – meaning, as relevant here, that they are citizens of different states – and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Typically, the defendant must file a notice of removal of the action within 30 days of receiving the initial pleading, in this case, the complaint. *See* 28 U.S.C. § 1446(b)(1).  However, "if the case stated by the initial pleading is not removable," the defendant may file a notice of removal within 30 days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Generally, "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

The parties' diversity is not in question, as there is no challenge to England's assertions in the notice of removal regarding citizenship, and the citizenship of the fictitious defendants is

3

disregarded in determining removability. *See* 28 U.S.C. 1441(b)(1). The dispute lies with the amount in controversy.

The complaint sought judgment "against the Defendants in the amount of $44,000 together with interest, costs of suit and attorney's fees," along with "such other relief [the] Court deems Just and appropriate." (*See* Compl.) Although this demand appears under each of the two counts, in both instances the amount was demanded from "Defendants," and it is apparent that Correas was seeking a total of $44,000 in damages, not $44,000 on each count. Even if read to seek $44,000 in damages on each count, the complaint did not provide a basis for removal: the amounts cannot be aggregated because the counts involve the same plaintiff asserting two theories of liability for the same injury against different defendants. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) ("Only claims, whether related or unrelated, of a single plaintiff against a single defendant may be aggregated."). Accordingly, the amount in controversy requirement was not initially met.[3]

Correas thereafter provided an explanation of damages to England, asserting that he lost over $80,000 in wages and attaching tax forms in support of his contention. Correas also claimed that he had to replace tires at a cost of over $1,500, and spent $600 in connection with maintenance on his trailer. This statement, dated August 9, 2013, signaled to England that the action was removable. *See Rahwar v. Nootz*, 863 F. Supp. 191, 192 (D.N.J. 1994) (Wolin, J.) (holding that statement of damages was "other paper" under 28 U.S.C. § 1446(b)); *see also Lang v. Baker*, 101

---

[3] Although as a general matter, New Jersey law does not limit a plaintiff's recovery to the amount demanded in a complaint, *see* N.J. Ct. R. 4:42-6, neither side has shown how the factual allegations in the complaint could have supported a conclusion that Correas could have recovered more than $75,000, particularly in view of the dollar figure sought therein. *Compare, e.g., Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (complaint met jurisdictional minimum, then $50,000, where plaintiff sought "in excess of" $20,000 on each of effectively two claims, including one for punitive damages, against defendant).

4

N.J. 147, 158 (1985) (suggesting that statement of damages "may serve as a guide for immediately determining whether there is a sufficient amount in controversy to support jurisdiction in the federal courts").

England filed its notice of removal five days later, on August 14, 2013. It is at that time, the time of removal, that federal jurisdiction is assessed. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999); *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *see also Modica v. Home Depot*, No. 06-5307, 2007 WL 1231793, at *2 (D.N.J. Apr. 23, 2007) (Debevoise, J.). At that point, Correas had asserted that he had over $80,000 in damages, an amount sufficient to support diversity jurisdiction.

Notwithstanding this representation, Correas now argues, in a two-page submission, that the action should be remanded because he has "reviewed his monetary injury and has elected to amend the statement of damages to reflect the amount of $74,000." (D.E. 5 at ¶ 2.) No further explanation, in either the form of factual support or legal argument, is provided. Instead, in the face of England's assertions in the notice of removal, and despite his own statements in his explanation of damages with the supporting items appended it, Correas merely puts a lower dollar figure on his claims in order to divest the Court of jurisdiction.

This post-removal maneuver is ineffective. *See, e.g.*, *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (post-removal stipulation that damages do not exceed minimum requirement had "no legal significance because a plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor"); *Ciecka v. Rosen*, 908 F. Supp. 2d 545, 550-52 (D.N.J. 2012) (Simandle, C.J.) (declining to remand where matter was properly removed and plaintiffs subsequently offered to stipulate that their damages did not exceed $75,000 and they would not accept damages above that amount). Were the Court to analogize

Correas's "election" to an offer of judgment, Judge Debevoise of this Court wrote persuasively on the issue in *Modica*, in which the plaintiffs filed a negligence complaint in state court without specifying an amount of damages sought.  2007 WL 1231793, at *1. After the defendant demanded, and the plaintiffs provided, a statement of damages (which claimed damages of $1 million) the defendant removed the action. *Id.* The plaintiffs then served an offer of judgment for $74,999, and moved to remand the case for lack of jurisdiction. *Id.* The Court denied the motion, finding that plaintiffs' offer of judgment following a proper removal did "not deprive the court of jurisdiction." *Id.* at 2.

Stated in the parlance of the Third Circuit's decisional framework, there is no dispute about the facts surrounding Correas's damages claim – facts put before the Court in England's notice of removal and contained in Correas's own explanation of damages, none of which are undermined or challenged in the motion to remand – and he has not proven to a legal certainty that he could not recover at least the jurisdictional minimum. *See Frederico v. Home Depot*, 507 F.3d 188, 196-97 (3d Cir. 2007) (where jurisdictional facts are in dispute, removing party must establish them by a preponderance of the evidence; opponent then, to win remand, must show to a legal certainty that it cannot recover the jurisdictional minimum).[4]  Correas has not pointed to any reason why he cannot recover the amount stated in his explanation of damages.  He has not, for instance, suggested that state law would cap his damages at a level below the jurisdictional minimum.  In the absence of such a showing, and based on the record before the Court, remand is not warranted.

---

[4] Although Correas's complaint contained a specific dollar figure, it did not expressly limit his claims to this figure, and his explanation of damages establishes that he was not so limiting his claims.  As such, this is not an appropriate case in which to place the burden on *England* to establish to a legal certainty that Correas *can* recover more than $75,000.  *See Frederico*, 507 F.3d at 196-97 (discussing standard applicable when complaint "specifically avers that the amount sought is less than the jurisdictional minimum").

A final point bears brief mention.  During the pendency of this motion, England has raised concerns about the sufficiency of Correas's discovery responses, including as they relate to his assertions regarding damages.  (*See* D.E. 9, 11.)  The Court does not express an opinion on the merits of this discovery dispute, but notes that whether Correas ultimately proves damages in excess of $75,000 is a separate issue from the Court's jurisdictional inquiry on the motion to remand.  See *Brooks-McCollum v. State Farm Ins. Co.*, 376 F. App'x 217, 220 (3d Cir. 2010) (per curiam) (alteration in original) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)) (noting that "'the inability of a plaintiff to recover an amount adequate to give the court jurisdiction does not . . . oust the jurisdiction'"); *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (stating that "the ultimate failure to prove damages over [then-floor] $50,000 does not belatedly divest the federal court of jurisdiction unless the proofs at trial demonstrate that the plaintiff never had a colorable claim that exceeded $50,000").

**IV.     Conclusion**

For the foregoing reasons, the Court DENIES the motion to remand.  An appropriate order will issue.


Date: June 17, 2014                                              /s/ Katharine S. Hayden
                                                                 Katharine S. Hayden, U.S.D.J.